1  JACK P. DICANIO (State Bar No. 138782)
   Jack.DiCanio@probonolaw.com
2  ANIL J. ANTONY (State Bar No. 258839)
   Anil. Antony@probonolaw.com
3  WINSTON P. HSIAO (State Bar No. 273638)
   Winston.Hsiao@probonolaw.com
4  LOGAN D. WAYNE (State Bar No. 288227)
   Logan.Wayne@probonolaw.com
5
   300 South Grand Avenue, Suite 3400
6  Los Angeles, California 90071-3144
   Telephone:  (213) 687-5000
7  Facsimile:   (213) 687-5600
8  Attorneys for Plaintiff
   OAKS CHRISTIAN SCHOOL
9

10                  UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                       WESTERN DIVISION

13  OAKS CHRISTIAN SCHOOL, a          )  Case No.:  SACV13-940 JLS (ANx)
    California nonprofit religious    )
14  corporation,                      )  **(1) JOINT STIPULATION**
                                      )  **DISMISSING ACTION WITH**
15                    Plaintiff,       )  **PREJUDICE PURSUANT TO**
                                      )  **RULE 41(A)(1)(A)(II) OF THE**
16            v.                       )  **FEDERAL RULES OF CIVIL**
                                      )  **PROCEDURE; AND**
17  CALIFORNIA INTERSCHOLASTIC        )
    FEDERATION SOUTHERN               )
18  SECTION ("CIF-SS"), a California  )
    nonprofit corporation; CALIFORNIA )  **(2) [PROPOSED] ORDER (filed**
19  INTERSCHOLASTIC FEDERATION        )  **under separate cover).**
    ("CIF"), a California nonprofit    )
20  corporation; ROBERT L. WIGOD, in  )
    his capacity as Commissioner and an )  Complaint Filed:  June 20, 2013
21  officer of CIF-SS;  DOES 1–23, in their )  Trial Date:        May 27, 2014
    capacities as Executive Committee )
22  members and directors of CIF-SS; and )
    DOES 24–60, in their capacities as )
23  directors of CIF,                 )
                                      )
24                    Defendants.      )
    _____ _____      )
25

26

27

28
   _____
           JOINT STIPULATION DISMISSING ACTION
   AND RETAINING COURT'S JURISDICTION OVER ARBITRATION AGREEMENT

Plaintiff Oaks Christian School ("Oaks Christian") and Defendants California Interscholastic Federation Southern Section ("CIF-SS"), California Interscholastic Federation ("CIF State"), and Robert L. Wigod ("Wigod") (collectively "Defendants") hereby stipulate and agree as follows:

WHEREAS, CIF-SS moved Oaks Christian, Saint Bonaventure High School, St. Lucy's Priory High School, and Damien High School (individually referred to as "School" and collectively referred to as the "Schools") from their current CIF-SS Areas to the Parochial Area during the 2014–2018 Area Placement/Re-Leaguing Cycle;

WHEREAS, each School appealed its Area Placement to CIF-SS' Executive Committee according to the procedure set forth in the 2012–2013 Blue Book, which governs CIF-SS and the Schools;

WHEREAS, CIF-SS' Executive Committee denied each School's Area Placement Appeal;

WHEREAS, the Schools asked CIF State to provide a neutral appeal, but CIF State declined to intervene in CIF-SS' Area Placement decisions;

WHEREAS, Oaks Christian, the Archdiocese (on behalf of Saint Bonaventure High School and Damien High School), and St. Lucy's Priory of Glendora, Inc. (on behalf of St. Lucy's Priory High School) (collectively "Plaintiffs") filed suit in the United States District Court for the Central District of California in related cases against Defendants, styled as *Oaks Christian School v. California Interscholastic Federation Southern Section, et al.*, Case No. SACV13-940-JLS (the "Pending Action"); *Archdiocese of Los Angeles Education & Welfare Corporation v. California Interscholastic Federation Southern Section, et al.*, Case No. SACV13-934-JLS; and *St. Lucy's Priory of Glendora, Inc. v. California Interscholastic Federation Southern Section, et al.*, Case No. SACV13-19-932-JLS (collectively, the "Pending Actions").

WHEREAS, the Pending Actions are calendared for trial by Judge Josephine L. Staton for May 27, 2014;

WHEREAS, the Plaintiffs and Defendants (collectively the "Parties") agreed that it is in their best interests to enter into an agreement to arbitrate ("Arbitration Agreement") to resolve the Pending Actions earlier than May 27, 2014;

WHEREAS, the Parties executed an Arbitration Agreement on January 22, 2014, which is attached hereto as Exhibit A;

WHEREAS, the Arbitration Agreement between the Parties shall result in a final and binding resolution of the Pending Actions;

WHEREAS, Oaks Christian and Defendants have agreed that the Honorable Josephine L. Staton should retain jurisdiction over the Pending Action for purposes of enforcing the Arbitration Agreement and decision among the Parties, and the Parties thus expressly incorporate the terms of the Arbitration Agreement into this stipulation (*see O'Connor v. Colvin*, 70 F.3d 530, 532–33 (9th Cir. 1995) (stating that a court retains jurisdiction to enforce settlement agreement only if the settlement terms are part of the dismissal and the order dismissing the case expressly reserves the court's jurisdiction));

WHEREAS, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Oaks Christian and Defendants jointly agree to dismissal of the Pending Action against Defendants with prejudice;

NOW, THEREFORE, by and through their respective counsel of record, Oaks Christian and Defendants hereby stipulate and agree that:

1.      This Court shall retain jurisdiction to enforce any and all terms of the Arbitration Agreement (attached hereto as Exhibit A), including any arbitration award therefrom;

2.      The Pending Action—*Oaks Christian School v. California Interscholastic Federation Southern Section, et al.*, Case No. SACV13-940-JLS—shall be dismissed with prejudice as against all Defendants;

3.      Neither Oaks Christian, nor Defendants, in the Pending Action shall recover fees or costs associated with the Pending Action, including, without limitation, attorneys' fees, except as provided for in the Arbitration Agreement.

IT IS SO STIPULATED.

DATED: January 24, 2014

By:    _____/s/ Jack P. DiCanio_____
Jack P. DiCanio
Anil J. Antony
Attorney for Plaintiff Oaks Christian School

By:    _____/s/ Andrea F. Oxman_____
Ernest L. Weiss
Andrea F. Oxman
KLINEDINST PC
Attorney for Defendants CIF-SS and Wigod

By:    _____/s/ Ronald J. Scholar_____
Ronald J. Scholar
Christopher Onstott
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
Attorney for Defendant CIF State

# Exhibit A

## AGREEMENT

This AGREEMENT TO ARBITRATE AND RELEASE ("Agreement") is entered into as of January 21, 2014 ("Effective Date") by and between OAKS CHRISTIAN SCHOOL ("Oaks Christian"), the ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION ("Archdiocese") (on behalf of SAINT BONAVENTURE HIGH SCHOOL ("Saint Bonaventure") and DAMIEN HIGH SCHOOL ("Damien")), ST. LUCY'S PRIORY OF GLENDORA, INC. (on behalf of ST. LUCY'S PRIORY HIGH SCHOOL ("St. Lucy's")), CALIFORNIA INTERSCHOLASTIC FEDERATION SOUTHERN SECTION ("CIF-SS"), CALIFORNIA INTERSCHOLASTIC FEDERATION ("CIF State"), and ROBERT L. WIGOD ("Wigod") (individually referred to as "Party" and collectively referred to as the "Parties").

## RECITALS

WHEREAS, CIF-SS moved Oaks Christian, Saint Bonaventure, St. Lucy's, and Damien (individually referred to as "School" and collectively referred to as the "Schools") from their current CIF-SS Areas to the Parochial Area during the 2014–2018 Area Placement/Re-Leaguing Cycle;

WHEREAS, each School appealed its Area Placement to CIF-SS' Executive Committee according to the procedure set forth in the 2012–2013 Blue Book, which governs CIF-SS and the Schools;

WHEREAS, CIF-SS' Executive Committee denied each School's Area Placement Appeal;

WHEREAS, the Schools asked CIF State to provide a neutral appeal, but CIF State declined to intervene in CIF-SS' Area Placement decisions;

WHEREAS, Oaks Christian, the Archdiocese (on behalf of Saint Bonaventure and Damien), and St. Lucy's (collectively "Plaintiffs") filed suit in the United States District Court for the Central District of California in related cases against CIF-SS,

Wigod, and CIF State (collectively "Defendants"), styled as *Oaks Christian School v. California Interscholastic Federation Southern Section, et al.*, Case No. SACV13-940-JLS; *Archdiocese of Los Angeles Education & Welfare Corporation v. California Interscholastic Federation Southern Section, et al.*, Case No. SACV13-934-JLS; and *St. Lucy's Priory of Glendora, Inc. v. California Interscholastic Federation Southern Section, et al.*, Case No. SACV13-19-932-JLS (collectively, the "Pending Actions").

WHEREAS, the Pending Actions are calendared for trial by Judge Josephine L. Staton for May 27, 2014;

WHEREAS, the Parties agree that it is in their best interests to enter into this Agreement to resolve the Pending Actions earlier than May 27, 2014, in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the foregoing and the terms and conditions set forth in this Agreement, it is hereby stipulated and agreed that the Parties will arbitrate this matter and dismiss the Pending Actions with prejudice by joint stipulation, as follows:

1.    <u>Date and Location of Arbitration</u>:   CIF-SS, Oaks Christian, the Archdiocese on behalf of Saint Bonaventure and Damien, and St. Lucy's (individually referred to as an "Arbitrating Party" and collectively referred to as the "Arbitrating Parties") shall attend an arbitration of no more than two (2) days before the Honorable Dickran M. Tevrizian (Ret.) of JAMS (the "Arbitrator") on March 4 and 5, 2014 (the "Arbitration").   The Arbitration shall take place at JAMS' office in downtown Los Angeles.

2.    <u>Issues to Be Decided</u>:   The Arbitration shall result in three (3) final decisions as follows:

a.    One decision as to Oaks Christian and whether it shall (i) remain within the Northern Area or (ii) be placed in the Parochial Area for CIF-SS' 2014–2018 Area Placement / Re-Leaguing Cycle;

b.      One decision as to Saint Bonaventure and whether it shall (i) remain within the Northern Area or (ii) be placed in the Parochial Area for CIF-SS' 2014–2018 Area Placement / Re-Leaguing Cycle; and

c.      One decision as to Damien and St. Lucy's collectively, and whether they shall (i) remain within the Mt. SAC Area or (ii) be placed in the Parochial Area for CIF-SS' 2014–2018 Area Placement / Re-Leaguing Cycle.

3.      _De Novo_ Standard:  The Arbitrator's decision shall be based on his _de novo_ review of the arguments presented by the Parties as to whether each School should remain in its current Area or be placed in the Parochial Area for the 2014–2018 Area Placement / Re-Leaguing Cycle based upon the 2012–2013 CIF-SS Blue Book, including, but not limited to, the Criteria for Area Placement and procedures set forth therein.

4.      Scope of Evidence and Argument:  No causes of action asserted in the Pending Actions will be decided at the Arbitration.  However, all Arbitrating Parties are free to make any arguments regarding—and present facts related to—those claims, and may present any other facts or arguments regarding CIF-SS' Area Placement decisions and the consequences.  Although the Arbitrator will not make any ruling as to the underlying causes of action or any other claims, the Arbitrator may consider any facts and arguments in making his final decision, as set forth above.

5.      Decision Form:  The Arbitrator shall not issue a written narrative decision. The Arbitrator shall, instead, complete the Arbitration Decision Form provided to him by the Parties, which is attached hereto as Exhibit A.

6.      Separate Decisions:  A decision by the Arbitrator as to one School does not affect or mandate the decision of the Arbitrator as to any other Schools, except for St. Lucy's and Damien, which the Arbitrating Parties agree and stipulate shall be treated as a single school for purposes of the Arbitration decision, but not as to presentation time or the facts pertaining to each school.

7.      <u>Time of Decision</u>:  The Arbitrator shall issue his final decision as to each School within five (5) business days of the arbitration—*i.e.*, no later than March 12, 2014.

8.      <u>Arbitration To Be Final and Binding</u>:  The Arbitration decisions shall be final and binding upon the Arbitrating Parties and shall not be subject to appeal by any Party.

9.      <u>Notice of Decisions</u>:  The Arbitrator shall serve his final decisions on all Parties via e-mail and regular mail.

10.      <u>Area Placement/Re-Leaguing Following Arbitration</u>:  In the event that a School obtains an Arbitration decision reinstating the School to its current CIF-SS Area, CIF-SS must facilitate a process for re-leaguing in that Area so that the School is included in the Area's re-leaguing.

11.      <u>Revision of Area Placement Appeal Process</u>:  At the next open meeting of the CIF-SS Executive Committee, Wigod shall recommend that the CIF-SS Executive Committee submit a proposal to the CIF-SS Council to add a bylaw to the CIF-SS Blue Book establishing a neutral, second level of appeal for any CIF-SS member school's dispute about its own Area Placement.

12.      <u>Discovery</u>:

   a.      <u>Depositions</u>:

      i.      Plaintiffs may depose Wigod for five (5) hours of total examination time—exclusive of breaks and time spent off the record—on February 4, 2014, or on another date as mutually agreed upon by the Parties, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP in downtown Los Angeles.  The deposition may be video-recorded and transcribed.  Plaintiffs agree to return their copies of the video-recording and transcript to CIF-SS within five (5) business days of the Arbitrator's decision.   As set forth

Exhibit A
Page 8

below in paragraph 12.c, all disputes regarding the deposition of Wigod shall be resolved by the Honorable Charles "Tim" McCoy (Ret.), including, but not limited to, whether any statements or arguments made by counsel during Wigod's deposition shall be included within the deposition's five (5) hour time limit.

ii. CIF-SS shall complete production of all documents responsive to Plaintiffs' document requests by January 23, 2014 to permit Plaintiffs adequate time to prepare for Wigod's deposition.

iii. No Party shall be entitled to take any deposition except as described in sub-paragraph (i), and no notices of depositions or any accompanying document requests shall be enforceable.

b.   <u>Written Discovery and Document Requests</u>:

i. Written discovery and document requests propounded on Plaintiffs, CIF-SS, and Wigod before execution of the Agreement shall be completed by the Arbitrating Parties.

ii. St. Lucy's first set of Requests For Admissions to CIF-SS and first set of Special Interrogatories to CIF-SS, which were personally served on CIF-SS on January 9, 2014, are withdrawn and CIF-SS shall not be required to respond to either set of discovery.

iii. CIF-SS' second set of Requests For Admissions and second set of Special Interrogatories to St. Lucy's and the Archdiocese, which were personally served on January 6, 2014, are withdrawn and St. Lucy's and the Archdiocese shall not be required to respond to either set of discovery.

iv. No other discovery shall be completed or enforceable, except as described in subparagraph (i).  No Party may propound any written discovery or document requests after execution of the Agreement.

Any discovery served after January 9, 2014 shall be void and unenforceable.

c.    <u>Discovery Disputes</u>:  The Honorable Charles "Tim" McCoy (Ret.) shall have jurisdiction to resolve all discovery disputes as the discovery referee for the Arbitration, including, without limitation, over any issues regarding the deposition of Wigod.  The Arbitrating Parties, Wigod, and Judge McCoy shall utilize the procedures set forth below to resolve disputes regarding discovery requests.  The Parties agree that Judge McCoy shall not have jurisdiction over CIF State and that CIF State shall not be required to resolve or address any discovery disputes through the procedures set forth in this Agreement.  The Parties agree that Wigod shall be subject to Judge McCoy's jurisdiction, as set forth below, and, for purposes of paragraphs 12(c)–(d) only, Wigod shall be included within the definition of "Arbitrating Party" and "Arbitrating Parties."

i.   Within five (5) days of the execution of the Agreement or the responding Arbitrating Party's responses/objections to any outstanding discovery requests, whichever is later, each Arbitrating Party shall notify all other Arbitrating Parties of all written discovery requests and responses, and any other issues, that it wishes to raise with Judge McCoy.

ii.   Within five (5) business days thereafter, the Arbitrating Parties shall meet and confer in person to determine if they can informally resolve any of the discovery issues.

iii.   With respect to the discovery requests and issues that remain at-issue, the Arbitrating Parties shall jointly submit a chart to Judge McCoy in the following format:

| Discovery Request/ Issue | Discovery Response | Why Further Response Is Needed | Why Objections/Initial Response Should Stand | Judge McCoy's Ruling |
|---|---|---|---|---|
| | | *To be completed by propounding Party* | *To be completed by responding Party* | |

iv. The Arbitrating Parties' explanations as to "Why Further Response Is Needed" or "Why Objections/Initial Response Should Stand" shall each not exceed 250 words for each discovery response at-issue.

v. The Arbitrating Party seeking further response shall provide a formatted table in Word format describing "Why Further Response is Needed" no later than five (5) days after the Arbitrating Parties' meet and confer session.

vi. The responding Arbitrating Party shall thereafter have five (5) days to add to the table their responses under the heading "Why Objections/Initial Response Should Stand."

vii. The Arbitrating Parties shall not submit any additional briefs or written materials to Judge McCoy beyond the above-referenced joint tables, except for the Parties' initial discovery requests and responses and Plaintiffs' Complaints, which shall be submitted jointly in a binder to Judge McCoy, prepared by the Arbitrating Party seeking further responses.  Judge McCoy may, however, require the Parties to make further argument for clarification—by writing or teleconference—at his discretion.

viii. Judge McCoy shall issue a ruling on each discovery request submitted to him as soon as practicable. The ruling shall be limited

to the following:

1. (a) the initial objections / initial response is valid and will stand; (b) a further supplemental and verified substantive response shall be provided; or (c) further responsive documents shall be produced; *and,*

2. the amount of time a responding Arbitrating Party has to serve its supplemental response(s) and/or production of documents.

ix. The amount of time a responding Arbitrating Party has to serve its supplemental response(s) and/or production of documents shall be determined by Judge McCoy, in his sole discretion.

x. If after an Arbitrating Party is ordered to provide a further supplemental response(s) or produce additional responsive documents, and the propounding Arbitrating Party finds the supplemental production or response(s) deficient, the supplemental response(s) and production may be submitted to Judge McCoy within five business (5) days of receipt with a 250 word explanation as to why each supplemental response and/or production remains deficient. In this scenario, the responding Arbitrating Party shall have thereafter three (3) days to submit any response, which is limited to a 250 word explanation as to why each supplemental response and/or production is not deficient, in writing to Judge McCoy.  Judge McCoy will issue a ruling as soon as practicable, limited to one of the following: (a) whether the supplemental response is valid and shall stand; (b) whether a further supplemental and verified substantive response shall be provided; or, (c) whether further responsive documents shall be produced. The amount of time a responding Arbitrating Party has to serve its supplemental response(s) and/or production of

documents shall be determined by Judge McCoy, in his sole discretion.

xi.   The Arbitrating Parties agree to abide by and honor Judge McCoy's rulings in their entirety. If an Arbitrating Party fails to do so, Judge McCoy may, in his sole discretion, impose an evidentiary or monetary sanction against any Arbitrating Party, and such sanction shall be final, binding, and not subject to appeal.

xii.   If Judge McCoy orders the production of confidential information, the Arbitrating Parties agree to be bound by an appropriate protective order and maintain the confidentiality of such information.

d.   <u>Discovery Referee's Fees</u>: The propounding and responding Arbitrating Parties agree to share equally in the expenses related to Judge McCoy's services as the discovery referee as to all discovery disputes, such that the propounding Arbitrating Party and the responding Arbitrating Party shall each be responsible for fifty percent (50%) of Judge McCoy's services.

13.   <u>Evidence at Arbitration</u>:  The Arbitrating Parties may use information and documentation obtained in discovery and during investigation in the Pending Actions at Arbitration, subject to the following provisions:

a.   Any documents produced in discovery need not be authenticated to be used or admitted into evidence at the Arbitration, and can be used as evidence without any legal objection(s), including, without limitation, as to hearsay.  Notwithstanding the foregoing, the Arbitrating Parties remain free to argue to the Arbitrator regarding the relevance of evidence, which shall be resolved by the Arbitrator in his sole discretion. No Arbitrating Party may object or interrupt during another Arbitrating Party's speaking time at the Arbitration, except to assert an objection on the grounds that evidence being presented at Arbitration has not previously been served on all Arbitrating Parties in accordance with paragraphs 13(b)–(d)(ii).

b.     Any documents, video tapes, and tape recordings that will be used at arbitration by any Arbitrating Party for any purpose must be served on all Arbitrating Parties via overnight mail no later than February 13, 2014 or personally served no later than February 14, 2014.   The Arbitrator may properly exclude and disregard any document, video tape, or tape recording that has not been served on all Arbitrating Parties in accordance with this provision upon an opposing Arbitrating Party's objection.

c.     The Arbitrating Parties shall exchange exhibit lists via email no later than February 14, 2014. The exhibit lists shall include all documents, video tapes, tape recordings, etc. (including a Bates number reference) that the Arbitrating Parties intend to present at arbitration. The Arbitrator may properly exclude and disregard any document, video tape, or tape recording not included on an Arbitrating Party's exhibit list, as required by this section, upon an opposing Arbitrating Party's objection.

d.     All designations  of transcript excerpts from Wigod's deposition that will be used at arbitration by any Arbitrating Party during its initial presentation must be served on all Arbitrating Parties via overnight mail by February 13, 2014, or personally served or emailed no later than February 14, 2014.   All designations of excerpts of video-recordings from Wigod's deposition that will be used at arbitration by any Arbitrating Party during its initial presentation must be served on all Arbitrating Parties via overnight mail by February 17, 2014 or personally served no later than February 18, 2014.

i.   The Arbitrating Parties agree that all excerpts of transcript from Wigod's deposition that are to be served by February 14, 2014 shall mirror the video excerpts that are to be served by February 18, 2014.   The Arbitrating Parties expressly agree and acknowledge that they are agreeing to service of the video excerpts on February 18, 2014 (as opposed to February 14, 2014) to allow the Arbitrating Parties sufficient time to deal with any technical issues that may arise in the course of creating video excerpts.

ii.  The Arbitrator may properly exclude and disregard any excerpt of

transcript or video-recording that has not been served on all Arbitrating Parties in accordance with paragraph 13.d upon an opposing Arbitrating Party's objection.

e.      In the event that an Arbitrating Party's outstanding written discovery or document requests results in the production of documents after February 10, 2014, the Arbitrating Party receiving the documents or discovery responses shall be permitted to supplement its exhibit list by email within 5 days of receiving that production.  That Arbitrating Party shall also serve any supplemental documents, video tapes, and tape recordings that it intends to use the arbitration on all Arbitrating Parties by email or overnight mail within five (5) days of receiving the production.   The Arbitrator may properly exclude and disregard any document, video tape, or tape recording not included on an Arbitrating Party's exhibit list or that has not been served on all Arbitrating Parties, as required by this section, upon an opposing Arbitrating Party's objection.

14.     Declarations:

a.      Each School may submit no more than five (5) declarations to the Arbitrator no later than February 21, 2014 (or ten (10) days in advance of the Arbitration, should the Arbitration be rescheduled from March 4, 2014).

b.      CIF-SS shall be permitted to submit no more than ten (10) declarations to the Arbitrator no later than February 21, 2014 (or ten (10) days in advance of the Arbitration, should the Arbitration be rescheduled from March 4, 2014).

c.      Each Arbitrating Party shall serve any declaration(s) it submits to the Arbitrator on all Arbitrating Parties via e-mail and overnight mail no later than February 21, 2014 (or ten (10) days in advance of the Arbitration, should the Arbitration be rescheduled from March 4, 2014).

d.      No portion of any declaration may be submitted solely to the Arbitrator.  The Arbitrating Parties will negotiate and execute a global protective order to protect against the distribution of confidential and sensitive information that the

Arbitrating Parties produce pursuant to the Arbitration and that may appear in the Arbitrating Parties' declarations and briefs.

15. <u>Arbitration Briefs</u>:

a. Each School may submit an arbitration brief to the Arbitrator no later than February 21, 2014 (or ten (10) days in advance of the Arbitration, should the Arbitration be rescheduled from March 4, 2014). Each brief shall not exceed twenty-five (25) pages, double spaced, type size Time New Roman 12, exclusive of exhibits. Given that St. Lucy's and Damien are being treated as a single school for purposes of the arbitration decision, they may collectively submit one (1) arbitration brief.

b. CIF-SS may submit one (1) arbitration brief as to all of the Schools' Area Placements to the Arbitrator no later than February 21, 2014 (or ten (10) days in advance of the Arbitration, should the Arbitration be rescheduled from March 4, 2014). CIF-SS' arbitration brief shall not exceed forty (40) pages, double spaced, type size Time New Roman 12, exclusive of exhibits.

c. Each Arbitrating Party shall serve its arbitration brief and all supporting exhibits on all other Arbitrating Parties via e-mail and overnight mail no later than February 21, 2014 (or ten (10) days in advance of the Arbitration, should the Arbitration be rescheduled from March 4, 2014). No portion of an Arbitrating Party's arbitration brief may be designated confidential and submitted only to the Arbitrator.

d. No opposition or reply briefs shall be permitted.

16. <u>Appearances at Arbitration by Client or School Representatives, and Attorneys</u>:

a. Each School—Saint Bonaventure, Oaks Christian, Damien, and St. Lucy's—shall be permitted to have one (1) client or school representative speak on its behalf at the Arbitration.

b. CIF-SS shall be permitted to have one (1) client representative speak on its behalf at the Arbitration.

c.      Representatives that will speak on behalf of the Schools or CIF-SS at Arbitration must be disclosed to all Arbitrating Parties in writing no later than February 21, 2014 (or ten (10) days prior to the Arbitration, should the Arbitration be rescheduled from March 4, 2014).   The Arbitrating Parties' disclosures will be served on all Arbitrating Parties no later than February 21, 2014 (or ten (10) days prior to the Arbitration, should the Arbitration be rescheduled from March 4, 2014) via email. The Arbitrating Parties shall not serve their disclosures on the Arbitrator.

d.      All statements made by the Schools' or CIF-SS' representatives at Arbitration shall be included within the Arbitrating Parties' designated presentation time allotment as set forth below in Paragraph 17 and its subparagraphs.

e.      There is no limitation on the number of attorneys that may speak at or attend the Arbitration on behalf of any Arbitrating Party.

f.      Any objections, and arguments and discussion related to such an objection, made by an Arbitrating Party during another Arbitrating Party's presentation time shall not count toward the allocated presentation time, as set forth in paragraphs 17(a)–(e), of the speaking Arbitrating Party.

17.      <u>Conduct of Arbitration</u>:  The Arbitration will be conducted as follows on March 4, 2014.

a.      Each individual School—Saint Bonaventure, Oaks Christian, Damien, and St. Lucy's—shall each have one (1) hour to make a presentation to the Arbitrator and present any evidence regarding the issue to decided and set forth above in Paragraphs 2–4.  Any School can allocate any portion of its speaking time to another School.

b.      After the Schools' presentations, CIF-SS shall have up to three (3) hours to make a presentation to the Arbitrator and present any evidence regarding the issue to be decided and set forth above in Paragraphs 2–4.

c.      After CIF-SS' presentation, each individual School shall be

entitled to a fifteen (15) minute rebuttal presentation.  Rebuttal argument shall be limited to addressing the evidence and arguments presented by CIF-SS.  Any School can allocate any portion of its speaking time to another School.

       d.     CIF-SS then shall have up to twenty (20) minutes for a sur-rebuttal. Sur-Rebuttal argument shall be limited to addressing the evidence and arguments presented by the Schools in their rebuttals.

       e.     Each individual School shall have up to five (5) minutes to speak after CIF-SS' sur-rebuttal.  The Schools' final statements / final rebuttals, made in accordance with this paragraph, shall be limited to addressing the evidence and arguments presented by CIF-SS in its sur-rebuttal.  Any School can allocate any portion of its speaking time to another School.

       f.     The Arbitrator may, in his discretion, ask questions to any Arbitrating Party or permit additional speaking time, for clarification.

       g.     The timing and duration of a lunch break and breaks shall be decided at the discretion of the Arbitrator.

       h.     The Arbitrator may, in his discretion, continue the Arbitration proceeding to March 5, 2014.

     18.    <u>Provision of Agreement to Arbitrator and Discovery Referee:</u>  Within two (2) business days of the execution of the Agreement, the Arbitrating Parties shall jointly provide a fully executed copy of the Agreement to the Arbitrator and Judge McCoy.

     19.    <u>Payment for Arbitration:</u>  CIF State will pay up to seventeen-thousand four hundred dollars and no cents ($17,400.00) for costs associated with the Arbitration. Costs associated with the Arbitration, include, but are not limited to; venue fees; Arbitrator fees and costs incurred by the Arbitrator, including for travel, food and lodging; and any other fees and/or costs reasonably associated with the Arbitration paid within the sole discretion of CIF State.  If the costs associated with the Arbitration exceed seventeen-thousand four hundred dollars and no cents ($17,400.00), CIF-SS and the Schools shall be jointly and

severally responsible for any and all overages, regardless of amount. CIF-SS and the Schools agree that CIF-SS shall be responsible for a fifty (50) percent share of any potential overages, and the Schools collectively shall be responsible for the remaining fifty (50) percent share of any potential overages.  CIF-SS and the Schools agree to remit the full sum of any overages within ten (10) days of receipt of any invoice from CIF State. Should CIF-SS and/or the Schools fail to remit timely payment for any overages, the Arbitrator shall retain jurisdiction to resolve any such disputes as expeditiously as possible and all Parties agree to comply with the decision of the Arbitrator.

20.    Waiver of Fees and Costs:  The Parties agree to waive any and all fees and costs that they may be entitled to in connection with the Pending Actions and Arbitration—including, without limitation, fees and costs as provided for in CIF-SS' 2012–2013 Blue Book—except as set forth in Paragraph 19 of this Agreement.  The prevailing Arbitrating Party or Arbitrating Parties at Arbitration will not be entitled to recover any fees or costs.

21.    Recording of Arbitration:  The Arbitration shall not be video-taped, transcribed, or otherwise recorded.

22.    Joint Stipulation for Dismissal:  Within two (2) business days following execution of the Agreement, the Parties shall file a joint stipulation for dismissal of the Pending Actions with prejudice as to all Defendants, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.   The Parties agree that Judge Josephine L. Staton shall retain jurisdiction over the matters for purposes of enforcing the Agreement among the Parties.  To ensure that Judge Staton retains jurisdiction to enforce the Parties' Agreement, the Parties shall expressly incorporate the terms of their Agreement into the dismissal stipulation and include the Agreement as an exhibit to the stipulation.  The stipulation shall also expressly provide that the Court retains jurisdiction to enforce the Agreement. *See O'Connor v. Colvin*, 70 F.3d 530, 532–33 (9th Cir. 1995) (stating that a court only retains jurisdiction to enforce settlement agreement if the settlement terms are part of the dismissal and the order dismissing the case expressly reserves the court's jurisdiction).

23.   <u>Department of Education Complaint</u>:  This Agreement in no way obligates the Schools to withdraw the complaint that they filed with the California Department of Education regarding CIF State's and CIF-SS' compliance with California Education Code § 33353(a).

24.   <u>Mutual Releases</u>:

a.   <u>By Plaintiffs</u>:  With the exception of the obligations stated herein, Plaintiffs forever release and discharge Defendants and their subsidiaries, partners, affiliates, and shareholders, and their respective directors, officers, trustees, agents, insurers, managers, supervisors, employees, representatives, attorneys, assigns and successors, past and present, and each of them (collectively, the "Defendant Releasees") from any and all claims, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or which may hereafter exist, relating to the claims set forth in the Pending Actions.  The Schools' complaint filed with the California Department of Education is specifically excluded from this release.

b.   <u>By Defendants</u>:  With the exception of the obligations stated herein, Defendants forever release and discharge Plaintiffs and their subsidiaries, partners, affiliates, and shareholders, and their respective directors, officers, trustees, agents, insurers, managers, supervisors, employees, representatives, attorneys, assigns and successors, past and present, and each of them (collectively, the "Plaintiff Releasees") from any and all claims, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or which may hereafter exist, relating to the claims set forth in the Pending Actions.

25.   <u>Waiver of Unknown Claims under Section 1542</u>:  The Parties expressly understand and acknowledge that they may have other claims against one or more of the Defendant Releasees or Plaintiff Releasees that are unknown at the present time.  Each of

the Parties assumes all risks for such claims of every nature, known or unknown, suspected or unsuspected. Each of the Parties has read and, except as otherwise provided in this Agreement, hereby waives any rights otherwise granted to it under Section 1542 of the Civil Code of the State of California or analogous federal, state or local statutes. Section 1542 of the Civil Code of the State of California provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

26.     <u>Interpretation</u>:   This Agreement shall be construed as though jointly drafted by each of the Parties and shall not be strictly construed against either Party.

27.     <u>Authority</u>:   Each natural person who executes this Agreement represents and warrants that he or she has the power and authority to enter into this Agreement on behalf of and to bind the Party, any parent, affiliate or subsidiary organization for which he or she executes this Agreement. Each Party or each Party's responsible officer has read this Agreement and understands its contents.

28.     <u>Jurisdiction and Venue</u>:   This Agreement shall be construed and enforced according to, and governed by, the laws of the State of California (excluding its choice of law provisions). In the event of any litigation to enforce this Agreement, the prevailing Party shall be entitled to recover its costs, including reasonable attorneys' fees.

29.     <u>Entire Agreement</u>:   This Agreement contains the full and entire agreement between and among the Parties, with respect to the entire subject matter hereof, and supersedes any and all prior or contemporaneous agreements and discussions, whether written or oral.  Thus, any and all prior or contemporaneous discussions, negotiations, writings, commitments and/or undertakings are merged in this Agreement.  This Agreement expresses the entire agreement among the Parties with respect to its subject matter, and may not be changed, supplemented, or amended except in a writing signed by the duly authorized representative of the Party to be charged.

30.     <u>Severability</u>:  If any provision of this Agreement shall be found by a court to be invalid or unenforceable, in whole or in part, then such provision shall be construed and/or modified as necessary to render it valid and enforceable, or shall be excised from the Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent permitted by law, as if such provision had been originally incorporated herein as modified, or as if such provision had not been originally incorporated, as the case may be.

31.     <u>Successors and Assigns</u>:  This Agreement is binding on each of the successors and assigns of the Parties. Each of the Parties warrants that the person executing this Agreement on its behalf is duly authorized to do so.

32.     <u>Counterparts</u>:  The Parties may execute this Agreement in one or more counterparts, all of which taken together will constitute one and the same instrument. This Agreement may be executed and delivered by facsimile and facsimile signatures shall have the same legal effect as manual signatures.

33.     EACH OF THE UNDERSIGNED ACKNOWLEDGES THAT HE OR SHE HAS CAREFULLY READ AND FULLY UNDERSTANDS THE CONTENTS OF THIS AGREEMENT AND HAS CONFERRED WITH LEGAL COUNSEL BEFORE SIGNING IT.

IN WITNESS WHEREOF, the Parties have executed this Agreement by and through their properly authorized signatories effective as of the Effective Date.

Exhibit A
Page 22

**OAKS CHRISTIAN SCHOOL**

By: _____
    Jeffrey H. Woodcock
Title: Headmaster

Date: 1/21/14

Approved as to Form:
SKADDEN, APRS, SLATE, MEAGHER
& FLOM LLP

By: _____
    Jack P. DiCanio

**CALIFORNIA INTERSCHOLASTIC FEDERATION SOUTHERN SECTION**

By: _____
    Robert L. Wigod
Title: Commissioner

Date: _____

Approved as to Form:
KLINEDINST PC

By: _____
    Ernest L. Weiss
    Andrea F. Oxman

**ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION**

By: _____
    Sr. Mary Elizabeth Galt
Title: Second Vice Pres. and Chancellor

Date: _____

Approved as to Form:
KNEAFSEY & FRIEND LLP

By: _____
    Michele B. Friend

**ROBERT WIGOD**

By: _____
    Robert L. Wigod
Title: Comissioner, CIF-SS

Date: _____

Approved as to Form:
KLINEDINST PC

By: _____
    Ernest L. Weiss
    Andrea F. Oxman

19

**OAKS CHRISTIAN SCHOOL**

By: _____
     Jeffrey H. Woodcock
Title: Headmaster

Date: _____

Approved as to Form:
SKADDEN, APRS, SLATE, MEAGHER
& FLOM LLP

By: _____
     Jack P. DiCanio

**ARCHDIOCESE OF LOS ANGELES
EDUCATION & WELFARE
CORPORATION**

By: _Sr. Mary Elizabeth Galt_
     Sr. Mary Elizabeth Galt
Title: Second Vice Pres. and Chancellor

Date: _January 21, 2014_

Approved as to Form:
KNEAFSEY & FRIEND LLP

By: _____
     Michele B. Friend

**CALIFORNIA INTERSCHOLASTIC
FEDERATION SOUTHERN SECTION**

By: _____
     Robert L. Wigod
Title: Commissioner

Date: _____

Approved as to Form:
KLINEDINST PC

By: _____
     Ernest L. Weiss
     Andrea F. Oxman

**ROBERT WIGOD**

By: _____
     Robert L. Wigod
Title: Comissioner, CIF-SS

Date: _____

Approved as to Form:
KLINEDINST PC

By: _____
     Ernest L. Weiss
     Andrea F. Oxman

**OAKS CHRISTIAN SCHOOL**

By: _____
      Jeffrey H. Woodcock
Title: Headmaster

Date: _____

Approved as to Form:
SKADDEN, APRS, SLATE, MEAGHER
& FLOM LLP

By: _____
      Jack P. DiCanio

**ARCHDIOCESE OF LOS ANGELES
EDUCATION & WELFARE
CORPORATION**

By: _____
      Sr. Mary Elizabeth Galt
Title: Second Vice Pres. and Chancellor

Date: _____

Approved as to Form:
KNEAFSEY & FRIEND LLP

By: _____
      Michele B. Friend

**CALIFORNIA INTERSCHOLASTIC
FEDERATION SOUTHERN SECTION**

By: _Robert L. Wigod_____
      Robert L. Wigod
Title: Commissioner

Date: _1|21|14_____

Approved as to Form:
KLINEDINST PC

By: _____ 1/21/14
      Ernest L. Weiss
      Andrea F. Oxman

**ROBERT WIGOD**

By: _Robert L. Wigod_____
      Robert L. Wigod
Title: Comissioner, CIF-SS

Date: _1|21|14_____

Approved as to Form:
KLINEDINST PC

By: _____ 1/21/14
      Ernest L. Weiss
      Andrea P. Oxman

19

**ST. LUCY'S PRIORY OF**
**GLENDORA, INC.**

By: _Sister Elizabeth Bevan OSB_

Title: _President, St. Lucy's Priory_
_of Glendora, CA_

Date: _January 21, 2014_

Approved as to Form:
PRATA & DALEY LLP

By: _Robert J. Prata_

    Robert. J. Prata


**CALIFORNIA INTERSCHOLASTIC**
**FEDERATION**

By: _____

Title: _____

Date: _____

Approved as to Form:
KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD

By: _____

    Ronald J. Scholar
    Christopher Onstott

**ST. LUCY'S PRIORY OF**
**GLENDORA, INC.**

By: _____

Title: _____

Date: _____

Approved as to Form:
PRATA & DALEY LLP


By: _____
       Robert. J. Prata

**CALIFORNIA INTERSCHOLASTIC**
**FEDERATION**

By: _____

Title: *Executive Director*

Date: *January 21, 2014*

Approved as to Form:
KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD


By: _____
       Ronald J. Scholar
       Christopher Onstott

# **EXHIBIT A**

## ARBITRATION DECISION FORM

On March 4–5, 2014, the Honorable Dickran M. Tevrizian (Ret.) presided over a two (2) day binding arbitration to determine the Area Placement for the CIF-SS 2014–2018 Area Placement / Re-Leaguing Cycle for the following schools: (a) Oaks Christian School; (b) Saint Bonaventure High School; and, (c) St. Lucy's Priory High School and Damien High School, collectively.   Pursuant to the Parties' agreement, St. Lucy's Priory High School and Damien High School were treated as a single school for purposes of the arbitration decision, so as not to separate the schools into different CIF-SS Areas.   Based upon the evidence presented at the March 4 and 5, 2014 arbitration and good cause appearing, the Arbitrator hereby ORDERS that:

1. **Oaks Christian School** shall remain in the **Northern Area /** be placed in the **Parochial Area** (*Arbitrator to circle only one (1) Area*) for the 2014–2018 Area Placement / Re-Leaguing Cycle.

2. **Saint Bonaventure High School** shall remain in the **Northern Area /** be placed in the **Parochial Area** (*Arbitrator to circle only one (1) Area*) for the 2014–2018 Area Placement / Re-Leaguing Cycle.

3. **St. Lucy's Priory High School and Damien High School** shall remain in the **Mt. SAC Area /** be placed in the **Parochial Area** (*Arbitrator to circle only one (1) Area*) for the 2014–2018 Area Placement / Re-Leaguing Cycle.

**IT IS SO ORDERED.**

March ___, 2014

By: _____

Hon. Dickran M. Tevrizian (Ret.)